IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2013

## TINA G. STRICKLAND v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Carter County**
No. 21056    Robert E. Cupp, Judge

_____

### No. E2013-01118-CCA-R3-PC-FILED-FEBRUARY 14, 2014

_____

The Petitioner, Tina G. Strickland, appeals the Carter County Criminal Court's denial of her petition for post-conviction relief from her 2010 conviction upon a guilty plea for vehicular homicide and her twelve-year sentence. The Petitioner contends that the trial court erred by finding that her guilty plea was knowingly, voluntarily, and intelligently entered because she received the ineffective assistance of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

C. Brad Sproles, Kingsport, Tennessee, for the appellant, Tina G. Strickland.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Tony Clark, District Attorney General; and Melanie Sellers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record shows that at the guilty plea hearing on June 21, 2010, the trial court reviewed with the Petitioner the charges against her and confirmed that she was pleading guilty to vehicular homicide without a sentencing agreement. The court stated that she faced possible punishment of eight to twelve years. The Petitioner responded that she understood the plea agreement. She told the court that counsel reviewed the plea agreement with her and that she signed the agreement because she was guilty of vehicular homicide. She denied consuming alcohol, narcotics, drugs, medications, or mind-altering substances that might affect her ability to understand what was happening in court. She admitted, though, that she

took muscle relaxers, vitamins, and iron supplements and used a breathing inhaler. The Petitioner passed routine drug screens when she was released on bond. The court advised the Petitioner that by pleading guilty she gave up the rights to have a jury trial, to cross-examine witnesses, to subpoena witnesses to testify on her behalf, and to testify on her own behalf. She denied that she was forced, threatened, or promised anything in exchange for her pleading guilty and said that her plea was voluntary and of her own free will. She said she was pleased with counsel's representation.

The trial court requested that the Petitioner state how the offense occurred. She said, "I really don't remember the accident, but I know I was drinking[.]" The last thing she remembered was standing on Connie Whitehead's porch. Although she had no memory of the accident, she agreed she killed someone while driving her car. The victim was ninety-one years old at the time of the accident. The Petitioner did not appeal her sentence but now seeks post-conviction relief.

At the post-conviction hearing, the Petitioner testified that counsel failed to advise her properly about the possible sentence she faced. She said counsel told her that the maximum sentence was eight years, although the trial court sentenced her to twelve years. She said that counsel advised her that pleading guilty was in her best interest but that after she pleaded guilty, counsel wrote her a letter stating that the maximum sentence was twelve years. A copy of the July 10, 2010 letter was received as an exhibit. In the letter, counsel stated,

> I am writing to review our discussion on sentencing and to correct one thing we discussed. When we were talking about the maximum amount of jail time Judge Cupp could give you, I told you 8 years. I was using the bottom of the range, which is our usual agreement with the State. In your case, as you recall, we don't have such an agreement. Therefore, Judge Cupp could give you any sentence within the range, which is 8-12 years.

Counsel also discussed in the letter the possibility of probation if the trial court sentenced her to ten years or less. Counsel also advised that at least one enhancement factor applied, which provided the court with the authority to increase her sentence from the minimum sentence.

The Petitioner testified that she and counsel never discussed a sentence higher than eight years. She admitted, though, that the trial court questioned her at the guilty plea hearing about her knowledge of the sentencing range. She said that she understood the sentencing range and that she faced a maximum sentence of twelve years after the court told her at the guilty plea hearing.

The Petitioner testified that she would not have pleaded guilty had she known she would receive more than eight years. She said that although she learned at the guilty plea hearing that she faced a twelve-year sentence, she entered a guilty plea because she had "already signed the paper before court started." She denied knowing she could have told the trial court that she did not know she might receive a sentence above eight years. She believed she could not change her mind about entering a guilty plea after she signed the "paperwork."

On cross-examination, the Petitioner testified that she met with counsel at least twice before entering her guilty plea but that she did not recall scheduling appointments. She said her fiancé and her mother attended some of the meetings. She agreed counsel told her the blood analysis showed that her blood alcohol content was 0.22 at the time of the accident. She said she did not recall much about the accident and did not think she drank alcohol that day. She said she pleaded guilty because she was told it was in her best interest to plead guilty and because she did not understand "any of this." She agreed she told the trial court at the guilty plea hearing that she was pleading guilty because she was guilty of vehicular homicide.

The Petitioner testified that although counsel told her the maximum sentence was eight years, the trial court told her at the guilty plea hearing that no agreement existed regarding the sentence and that the court would determine the sentence after a sentencing hearing. She agreed the court advised her of her rights and said she understood those rights. She agreed that the court told her to interrupt if she did not understand something and that she did not interrupt.

The Petitioner testified that she did not know "anything about the . . . legal situation" when asked if she wanted a trial. She agreed she did not have a guaranteed sentence but said counsel told her the sentence would be eight years or less.

Upon questioning by the trial court, the Petitioner testified that she did not recall if she met with counsel or if she told counsel that she did not understand she could be sentenced to twelve years. She agreed, though, she told counsel after she pleaded guilty that she was upset about an article in the newspaper that falsely stated marijuana use was involved in the accident.

Counsel testified that she had practiced law for almost twenty-nine years and that her representation of the Petitioner began at the arraignment in criminal court. She said the Petitioner always claimed that she had little memory of the day of the accident and that she was not drinking alcohol, although she recalled drinking water from a mason jar. She said the Petitioner recalled arguing with a woman whose house she had left at the time of the

-3-

accident. Counsel interviewed people who were with the Petitioner just before the accident. They told her that the Petitioner arrived at Connie Whitehead's house earlier that day and had been drinking before she arrived. Counsel learned that the Petitioner wanted to leave the house to run a few errands and that an argument began between the Petitioner and Ms. Whitehead. They attempted to prevent the Petitioner from driving because she was "clearly intoxicated" by that time, but the Petitioner refused to stay and hit a mailbox with her car as she drove away. Counsel thought the evidence against the Petitioner was overwhelming.

Counsel testified that she reviewed the eight- to twelve-year sentencing range with the Petitioner on June 18, 2010, before the guilty plea hearing. She said she wrote the letter previously received as an exhibit because when she met with the Petitioner and her family, she emphasized eight years. She said she believed eight years was probably the maximum sentence the trial court would impose based on her experience. She denied telling the Petitioner that eight years was the maximum sentence she might receive. She said she discussed with the Petitioner and her family at the meeting the potential sentencing outcomes, including probation, community corrections, and split confinement. She admitted that she did not think the court would impose the maximum sentence and that she did not discuss a possible twelve-year sentence as much as she should have. She said she wrote the letter to ensure the Petitioner understood the possible sentence was eight to twelve years. She denied that the Petitioner contacted her after receiving the letter to express her misunderstanding of the possible punishment. She said that had the Petitioner contacted her, she would have requested that the court set aside the guilty plea.

Counsel testified that the State did not offer to negotiate a plea agreement and that the Petitioner's case was the first open-ended guilty plea in which she had participated. She and the Petitioner discussed the significance of the trial court's determining the sentence. She told the Petitioner that it was the Petitioner's decision whether to plead guilty, that the evidence against her was overwhelming, and that counsel thought she would be convicted at a trial. She said the Petitioner decided to plead guilty after discussing it with her family. She said the Petitioner did not want a trial.

Counsel testified that the Petitioner pleaded guilty on June 21, 2010, and that after the Petitioner entered her guilty plea but before the sentencing hearing, an article appeared in the local newspaper reporting that the Petitioner was under the influence of marijuana at the time of the accident. She said the Petitioner left a message asking her to request a retraction from the newspaper. She called the newspaper, and a retraction was printed. She said the Petitioner was drunk and angry when she left the message. She said the Petitioner called a few days afterward and apologized for the message. She denied that the Petitioner addressed the possible twelve-year sentence in the message.

-4-

On cross-examination, counsel testified that she always talked to her clients "in terms of ranges" because of the nature of the sentencing statutes and that it was unproductive to tell a client the maximum sentence. She knew she discussed the sentencing range with the Petitioner. She said she noted on the indictment that the sentencing range was eight to twelve years for a Range I, standard offender.

Counsel testified that she believed the trial court would sentence the Petitioner from eight to ten years based on the Petitioner's lack of previous felony convictions, "life issues," health problems, admission of guilt, and the lack of significant enhancement factors. She said that although she discussed the sentencing range, she probably overemphasized eight years.

The trial court denied relief. The court credited counsel's testimony that she did not advise the Petitioner that she would receive the minimum, eight-year sentence after pleading guilty. The court found that counsel and the Petitioner discussed the possible sentencing outcomes and that counsel's letter was "nothing more than a review" of the previous discussion to ensure the Petitioner understood. The court found that the Petitioner was not misled into pleading guilty and that the Petitioner never told counsel she did not understand the possible sentencing outcomes after the court sentenced her to twelve years.

The trial court noted the exchange between the Petitioner and the court during the guilty plea hearing. It found the Petitioner was told that the court would determine her sentence, that the sentence would be between eight and twelve years, and that the court provided the Petitioner opportunities to ask questions about things she did not understand. The court discredited the Petitioner's testimony that she did not think she could change her mind because she had already signed the plea agreement. The court found that the Petitioner failed to establish that counsel provided deficient performance or that she was prejudiced. This appeal followed.

The Petitioner contends that the trial court erred by denying post-conviction relief. She argues that her guilty plea was not knowingly, intelligently, and voluntarily entered because counsel failed to advise her adequately that she could receive an eight- to twelve-year sentence. The State responds that the trial court properly found that the Petitioner's guilty plea was knowing and voluntary. We agree with the State.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2012). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's

conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id.* at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2012).

The United States Supreme Court has held that a plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. *See State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

We conclude that the Petitioner knowingly, voluntarily, and intelligently entered her guilty plea. The record shows that the trial court told the Petitioner that because no agreement existed regarding sentencing, she faced a possible sentence of eight to twelve years. The Petitioner responded that she understood the plea agreement, that she and counsel reviewed the plea agreement, that she signed the agreement because she was guilty of vehicular homicide, and that she understood what was happening in court. She said she was not under the influence of any substances that might affect her ability to comprehend the substance of the plea agreement or appreciate the consequences of entering a guilty plea.

The trial court discredited the Petitioner's testimony that counsel advised her that the maximum sentence was eight years. Counsel's credited testimony shows that counsel talked to her clients "in terms of ranges" because of the nature of the sentencing statutes and because it was unproductive to tell a client the maximum sentence. Counsel reviewed the eight- to twelve-year sentencing range with the Petitioner at the June 18, 2010 meeting. Counsel testified that she did not advise the Petitioner the sentence would be eight years. Rather, counsel discussed with the Petitioner the possible sentencing outcomes, although counsel admitted she focused on an eight-year sentence as the likely outcome. The record fails to show, though, that counsel told the Petitioner she would receive an eight-year sentence after pleading guilty. Because counsel wanted to ensure that the Petitioner understood the possible sentencing outcome, she wrote the Petitioner a letter detailing the potential outcomes at the sentencing hearing. In the letter, counsel clarified that an eight-year sentence for a similar offense was the usual sentence based on her experience but that the trial court could sentence her between eight and twelve years. Furthermore, no evidence exists showing that the Petitioner contacted counsel to express any misunderstanding

regarding the possible sentence after the letter was sent to the Petitioner. The evidence does not preponderate against the trial court's findings. The Petitioner failed to show that counsel provided deficient performance or that she was prejudiced by counsel's performance. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE